UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DARYL LYNN HIGDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:12-CR-104-RLJ-MCLC |
| ) | 2:16-CV-246-RLJ |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

On January 3, 2017, the Court entered a judgment order, denying and dismissing with prejudice Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, in which he had challenged, pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) [Doc. 41].[1] The Court granted a certificate of appealability as to whether his North Carolina conviction for discharge of a firearm into an occupied property invariably involves the use of force "against the person of another," within the terms of 18 U.S.C. § 924(e) (2)(B)(i) [*Id.*]. On appeal, the Sixth Circuit held that it did not and reversed and remanded Petitioner's § 2255 motion for proceedings consistent with its opinion [Doc. 43].

Based on the Sixth Circuit's holding, the Court finds that Petitioner no longer qualifies as an armed career criminal under the ACCA. Accordingly, Petitioner's § 2255 motion [Doc. 30], will be **GRANTED**, and the judgment imposed by the Court on April 29, 2013 [Doc. 23] will be **VACATED**.

---

[1] Citations to the docket refer to the docket in Petitioner's criminal case, No. 2:12-CR-104.

Section 2255(b) gives courts discretion, upon the granting of a § 2255 motion, to "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). In this case, the Court finds it appropriate to resentence Petitioner.

On February 21, 2018, eight days after the Sixth Circuit issued its opinion in this matter, Assistant Federal Defender Jennifer Niles Coffin entered her appearance on behalf of Petitioner [Doc. 44]. Therefore, absent any contrary indication by the Federal Defender Services of Eastern Tennessee ("FDS"), the Court assumes that the appointment of FDS, under the Standing Order of February 11, 2016, SO-16-02, to represent Petitioner in connection with his *Johnson*-based claim will continue through the resentencing. An order setting out the procedure for resentencing will follow.

**A SEPARATE JUDGMENT WILL ENTER.**

**ENTER:**

ENTER:

s/ Leon Jordan
United States District Judge